1
2
3
4
5
6
7
8                           UNITED STATES DISTRICT COURT

9                      FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   JUSTIN RYAN TERVEER,                      No.  2:23-cv-03048-SCR P

12                     Plaintiff,

13          v.                                 ORDER

14   GENA JONES, et al.,

15                     Defendants.

16

17          Plaintiff Justin Ryan TerVeer, a state prisoner, proceeds without counsel and seeks relief

18   under 42 U.S.C. § 1983. This matter was referred to the undersigned pursuant to Local Rule 302.

19   See 28 U.S.C. § 636(b)(1). Plaintiff's complaint and motion to proceed in forma pauperis are

20   before the court. The complaint fails to state a claim, but plaintiff is granted leave to file an

21   amended complaint within 60 days of the date of this order.

22   **I.      In Forma Pauperis**

23          Plaintiff's declaration in support of the motion to proceed in forma pauperis (ECF No. 2)

24   makes the showing required by 28 U.S.C. § 1915(a). The motion is granted. By separate order,

25   plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

26   § 1915(b)(1). The order will direct the appropriate agency to collect the initial partial filing fee

27   from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be

28   obligated for monthly payments of twenty percent of the preceding month's income credited to

1

1  plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to
2  the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00 until the filing
3  fee is paid in full. 28 U.S.C. § 1915(b)(2).

4  **II.      Screening Requirement**

5         Pursuant to 28 U.S.C. § 1915(e), the court must screen every in forma pauperis
6  proceeding, and must order dismissal of the case if it is "frivolous or malicious," "fails to state a
7  claim on which relief may be granted," or "seeks monetary relief against a defendant who is
8  immune from such relief." 28 U.S.C. § 1915(e)(2)(B); Lopez v. Smith, 203 F.3d 1122, 1126-27
9  (2000). A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
10  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
11  Cir. 1984). The court may dismiss a claim as frivolous if it is based on an indisputably meritless
12  legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

13         Rule 8(a)(2) of the Federal Rules of Civil Procedure requires a short and plain statement
14  of the claim that shows the pleader is entitled to relief. Bell Atlantic Corp. v. Twombly, 550 U.S.
15  544, 555 (2007). In order to state a cognizable claim, a complaint must contain more than "a
16  formulaic recitation of the elements of a cause of action;" it must contain factual allegations
17  sufficient "to raise a right to relief above the speculative level." Id. The facts alleged must "'give
18  the defendant fair notice of what the... claim is and the grounds upon which it rests.'" Erickson v.
19  Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555). In reviewing a complaint
20  under this standard, the court accepts as true the allegations of the complaint and construes the
21  pleading in the light most favorable to the plaintiff. See id.; Scheuer v. Rhodes, 416 U.S. 232, 236
22  (1974).

23  **III.     Allegations in the Complaint**

24         While incarcerated at California Health Care Facility ("CHCF"), plaintiff has been
25  physically assaulted, verbally taunted, harassed, sexually harassed, stripped of clothes and placed
26  into seclusion, and had property damaged. (ECF No. 1 at 4-6.) Plaintiff was punished with an
27  "RVR" resulting in time loss which was "pure retaliation to inflict distress and trauma." (Id.) In
28  addition, CHCF illegally blocked the "602 Grievance Process" and refused to investigate

plaintiff's claims. (Id. at 5-6.) Plaintiff's need for psychiatric help was neglected and, as reprisal, plaintiff was discharged prematurely to an unsafe prison. (Id.)

Plaintiff has suffered emotional distress, inability to seek relief, self-mutilation, property loss/damage, and loss of time credits. (ECF No. 1 at 4, 6.) Plaintiff seeks damages and injunctive relief. (Id. at 7.)

**IV.     Discussion**

The complaint lists 20 defendants but fails to specify any actions or omissions taken by any individual defendants. In other words, the complaint does make clear "who is being sued for what" in connection with the claimed violations of plaintiff's rights, and therefore fails to give fair notice of the claims. See Bautista v. Los Angeles County, 216 F.3d 837, 840-41 (9th Cir. 2000) (a plaintiff bears the burden of separately setting forth his legal claims and for each claim, briefly and clearly providing the facts supporting the claim so that the court and the defendants are readily able to understand the claims); McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (affirming dismissal of complaint that left the court "guessing as to what facts support the legal claims being asserted against certain defendants").

In addition, the complaint lists many wrongs plaintiff allegedly suffered, but fails to plead the specific factual allegations underlying the harms allegedly suffered. In other words, the complaint fails to sufficient factual allegations describing what happened, and when. Conclusory allegations that the defendants violated plaintiff's rights do not to state a claim. See Twombly, 550 U.S. at 555-557 (naked assertions, labels and conclusions, and formulaic recitations of the elements of a cause of action do not suffice to state a claim).

Plaintiff will have an opportunity to file an amended complaint that specifies what claims plaintiff seeks to bring, and against whom. In order for the court to be able to undertake the screening process required by 28 U.S.C. § 1915(e), in any amended complaint, plaintiff must make clear which defendant(s) he feels are responsible for which alleged violation of his rights, and what they did to violate those rights. See Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) ("In order for a person acting under color of state law to be liable under 42 U.S.C. 1983 there must be a showing of personal participation in the alleged rights deprivation[.]").Therefore,

1   in any amended complaint, plaintiff should focus on describing with more detail who did what,

2   and when, to violate his rights.

3       **V.      Conclusion and Order**

4           Plaintiff's complaint does not state any claims, but plaintiff is granted leave to file an

5   amended complaint. <u>See</u> <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If plaintiff

6   chooses to file an amended complaint, it should be titled "First Amended Complaint" and must

7   state what each named defendant did that led to the deprivation of constitutional rights. <u>See</u>

8   <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 676-77 (2009). An amended complaint supersedes the prior

9   complaint, <u>see</u> <u>Loux v. Rhay</u>, 375 F.2d 55, 57 (9th Cir. 1967), and must be "complete in itself

10  without reference to the prior or superseded pleading," E.D. Cal. Local Rule 220.

11          This opportunity to amend is not for the purpose of adding new and unrelated claims.

12  Plaintiff should focus on curing the deficiencies in the claims plaintiff already attempted to

13  present.

14          In the alternative, plaintiff may choose to stand on the complaint as filed. <u>See</u> <u>Edwards v.</u>

15  <u>Marin Park, Inc.</u>, 356 F.3d 1058, 1064-65 (9th Cir. 2004). If plaintiff chooses this option, the

16  undersigned will issue findings and recommendations to dismiss the complaint without further

17  leave to amend, after which plaintiff will have an opportunity to file objections, and a district

18  judge will determine whether the complaint states a cognizable claim. In the further alternative, if

19  plaintiff does not wish to pursue these claims further, plaintiff may file a notice of voluntary

20  dismissal, which will terminate this action by operation of law.

21          In accordance with the above, IT IS HEREBY ORDERED as follows:

22          1.  Plaintiff's request to proceed in forma pauperis (ECF No. 2) is GRANTED.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action as set forth

24  by separate order.

25          3.  The Clerk's Office shall send plaintiff a blank civil rights complaint form.

26          4.  Within 60 days from the date of service of this order, plaintiff must file one of the

27  following:

28  *////*

1           a.  A first amended complaint curing the deficiencies identified in this order;

2           b.  A notice of election to stand on the complaint as filed; or

3           c.  A notice of voluntary dismissal.

4      5.  Failure to respond to this order may result in a recommendation that this action be

5 dismissed for failure to obey a court order and failure to prosecute.

6 Date:  October 3, 2024

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE

5